IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMES FELICE, | |
| --- | --- |
| *Plaintiff,* | |
| v. | CIVIL ACTION No. 17-2026 |
| HOME DEPOT USA, INC., | |
| *Defendant.* | |

PAPPERT, J.	August 9, 2017

## MEMORANDUM

James Felice, a New Jersey resident, slipped and fell in the parking lot of a Home Depot in Westhampton, New Jersey on December 5, 2016. (Compl. ¶¶ 8 & 15, ECF No. 1-5.) He contends that Home Depot failed to, among other things, design, construct, maintain, repair and monitor the premises and also failed to warn him and others of dangerous hazards on the premises. (*Id.* ¶ 9–10.)

He sued Home Depot USA, Inc. in the Philadelphia County Court of Common Pleas. Home Depot removed the case to federal court and filed a Motion to Transfer Venue to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404(a). Felice did not respond. For the following reasons, the Court denies Home Depot's motion.

### I.

Under 28 U.S.C. § 1404(a), an action may be transferred from one district to another "where it might have been brought," or to a "district or division to which all parties have consented," so long as the transfer satisfies "the convenience of [the] parties and witnesses" and is "in the interest of justice." 28 U.S.C. § 1404(a). Analysis

of a request for a § 1404(a) transfer has two components. First, both the original venue and the requested venue must be proper. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877–878 (3d Cir. 1995). Second, because § 1404(a) "was designed to prevent . . . unnecessary inconvenience and expense to parties, witnesses, and the public," *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 21 (1960), the Court must balance a specific set of private and public interest factors to determine whether transferring the case to a different forum would best serve the interests of justice. *Jumara*, 55 F.3d at 879. The moving defendant bears the burden of showing the desirability of transferring venue and presenting evidence for the court to rely on in justifying transfer. *See Fellner ex rel. Estate of Fellner v. Philadelphia Toboggan Coasters, Inc.*, No. 05-1052, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005).

## II.

### A.

Venue is proper in both the Eastern District of Pennsylvania and in the District of New Jersey. Venue is proper in:

> (1) [A] judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Home Depot, the only Defendant, resides in the Eastern District of Pennsylvania for the purpose of § 1391(b)(1)—and thus venue here is proper—because it is "subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C.

§ 1391(c)(2); *see id.* § 1391(c) (defining residency for the purposes of venue).[1] This case could also have been brought in the District of New Jersey because "a substantial part of the events or omissions giving rise to the claim" occurred in New Jersey. 28 U.S.C. § 1391(b)(2).

**B.**

The Third Circuit Court of Appeals has outlined a non-exhaustive list of pertinent public and private interest factors to determine if the interests of justice would better be served by transferring this case to the District of New Jersey. The private interest factors include (1) plaintiff's original forum preference; (2) defendant's original forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses and (6) the location of books and records. *Jumara*, 55 F.3d at 879 (internal citations omitted). "The private-factor analysis concentrates on the interests of the litigants and their witnesses to hold the trial in the forum more convenient for all the involved parties." *In re Amkor Tech., Inc. Sec. Litig.*, No. 06-298, 2006 WL 3857488, at *2 (E.D. Pa. Dec. 28, 2006).

**i.**

The Court must first consider how much deference to afford Felice's choice of forum. While courts typically "defer to a plaintiff's choice of forum," *Jumara*, 55 F.3d at 880, a plaintiff "is entitled to less weight where the plaintiff chooses a forum which is

---

[1] The Eastern District has personal jurisdiction over Home Depot because, under Federal Rule of Civil Procedure 12(h), a party waives the defense of lack of personal jurisdiction by failing to raise it by motion or "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." FED. R. CIV. P. 12(h)(1)(B). Because Home Depot did not raise the defense of lack of personal jurisdiction in its answer to Felice's complaint, this defense has been waived and the Court may exercise personal jurisdiction over Home Depot.

3

neither his home nor the situs of the occurrence upon which the suit is based." *Harris v. National R.R. Passenger Corp.*, 979 F. Supp. 1052, 1053 (E.D. Pa. 1997).

Felice resides in New Jersey, making the District of New Jersey his home forum. His choice is entitled to less weight. However, the respective courthouses in this case are in "extremely close proximity" to each other, and "the weight given to [plaintiff's] preference for a forum that is mere minutes away from her 'home forum' should not be diminished much, if at all."[2] *Keller-Miller v. Coca-Cola Bottling Co.*, 2016 WL 5870897, at *2 (E.D. Pa. Oct. 7, 2016). The Court will therefore give Felice's preference slightly less deference than it would had he chosen his home forum but will nonetheless favor his choice.

"The second factor, defendant's forum choice, is 'entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another.'" *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 198 (E.D. Pa. Mar. 6, 2008) (quoting *EVCO Tech. and Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F.Supp.2d 728, 730 (E.D. Pa. 2003)). Home Depot, however, prefers the District of New Jersey because Felice's claim arose there; thus, its choice of forum favors transfer. *See Bouldin v. Drudge*, No. 17-89, 2017 WL 590266, at *2 (E.D. Pa. Feb. 14, 2017).

---

[2] Although Defendants did not specify, if this case were transferred to the District of New Jersey, it would almost certainly be litigated in the Camden courthouse. *See* Vicinage Lines for Case Assignment, UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY, http://www.njd.uscourts.gov/vicinage-lines-case-assignment (accessed on Aug. 8, 2017); *see also* D.N.J. Local Rule 40.1 ("Each civil case shall be allocated by the Clerk of the Court to Camden, Newark or Trenton at the time it is commenced. The Clerk shall consider the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose.").

"[T]he difference in travel time between the courthouse in Camden, New Jersey and the courthouse in Philadelphia, Pennsylvania is a mere four minutes." *Keller-Miller*, 2016 WL 5870897, at *3.

Third, the Court must consider where the claim arose. "When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." *Hamilton v. Nochimson*, No. 09-CV-2196, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009) (quotation and citation omitted). Felice slipped and fell in New Jersey and this factor supports transferring the case to the District of New Jersey. However, "retaining the case has no practical effect on the interests of efficiency and convenience" because the two courthouses in question are within such close proximity to each other. *Keller-Miller*, 2016 WL 5870897, at *2. For this reason, although this factor weighs in favor of transfer, "the Court will not accord the other private interests less weight." *Id*.

The next private interest factor—the convenience of the parties as indicated by their relative physical and financial condition—does not favor transfer. Home Depot asserts that because Felice is a resident of New Jersey, the District of New Jersey is a convenient forum in which for him to litigate this action. (Def.'s Mot., at 7, ECF No. 6.) The Eastern District of Pennsylvania, however, is only a short distance from the District of New Jersey, making it a similarly convenient location for Felice to litigate the case. Home Depot is a Delaware corporation with its principal place of business in Georgia, (Notice of Removal ¶ 9, ECF No. 1), making neither forum particularly convenient for litigation. Further, "neither side has presented any evidence related to the convenience of the parties as indicated by their relative financial conditions. Even if they had, the Court fails to see how a change of venue of such a short distance would

be necessarily and unduly burdensome to the parties." *Travelers Indem. Co. v. E.F. Corp.*, No. 95-5660, 1997 WL 135819, at *7 (E.D. Pa. Mar. 17, 1997).

As for the convenience-of-the-witnesses factor, "[t]he convenience of non-party witnesses," as opposed to party witnesses, is "the main focus." *James-Velardo v. United States,* No. 17-1261, 2017 WL 2972690, at *2 (E.D. Pa. July 12, 2017) (quoting *Hillard v. Guidant Corp.*, 76 F.Supp.2d 566, 570 (M.D. Pa. 1999)). But this factor is considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Home Depot claims that the "individuals responsible for designing, inspecting, maintaining, and repairing the parking lot and appurtenances of the [Home Depot store where Felice fell] reside primarily in New Jersey," and that the policemen, emergency medical responders, and hospital treatment providers who assisted him following the accident "are very likely residents of New Jersey." (Def.'s Mot, at 6-7.) But Home Depot never suggests that these witnesses would be unavailable for a trial in the Eastern District of Pennsylvania. Because "transferring the case to a forum that is located less than 3 miles away from this Court cannot have any practical effect on the convenience of the witnesses," this factor does not favor transfer. *Keller-Miller*, 2016 WL 5870897, at *3.

Lastly, "the technological advances of recent years have significantly reduced" the influence of the final factor: the location of pertinent books and records. *Johnson v. Equifax Information Services, LLC*, No. 17-1066, 2017 WL 2779568, at *5 (E.D. Pa. June 27, 2017) (citations omitted). Again, because the two courthouses are close to each other, this factor does not favor transfer.

6

Two of the private factors weigh slightly in favor of granting Home Depot's Motion to Transfer: the defendant's choice of forum and the location giving rise to the claim. As for the plaintiff's choice of forum, the convenience of the parties and witnesses, and the location of records, however, Home Depot has not shown that transfer is warranted.

ii.

The public factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879-80 (internal citations omitted).

As for the enforceability of judgments, a judgment rendered here is equally as enforceable as one rendered by the District of New Jersey. *See Sparkler v. Home Infusion Sols., LLC*, No. 13-3969, 2013 WL 6476501, at *6 (E.D. Pa. Dec. 9, 2013). Regarding practical considerations that could make the trial easy, expeditious, or inexpensive, the Court is again unable to conceive "how transferring the case to a forum that is located less that 3 miles from this Court would make the trial any easier or less expensive for anyone involved." *Keller-Miller*, 2016 WL 5870897, at *4. Home Depot contends that this factor weighs in favor of transfer because "it is a near certainty all liability witnesses reside in New Jersey," including those Home Depot employees present at the scene of the accident, Felice's current treatment providers, and the emergency first responders, police officers, and ambulance attendants who assisted

7

Felice after the accident, as well as others who may be knowledgeable about the conditions of the premises and local safety regulations. (Def.'s Mot., at 7-8.) Home Depot further asserts that the allegedly unsafe conditions of the New Jersey Home Depot store present "a critical liability issue in this case and will likely require a jury inspection during trial," which would be "impracticable for a jury paneled in Pennsylvania." (*Id.* at 7.)

Despite its claims, Home Depot provides no evidence to support these assertions, nor does it acknowledge the short distance between the courthouses that would make only a few minutes difference in travel time for witnesses called to testify. This short distance refutes the "impracticability" Home Depot claims would inconvenience a jury inspection of the New Jersey Home Depot store, which will likely be unnecessary in any event. An inspection of the store could be easily avoided through the use of witness testimony, photographs, or video to visually depict the location. *See Keller-Miller*, 2016 WL 5870897, at *4.

The third factor, the relative administrative difficulty in the two fora resulting from court congestion, weighs in favor of retaining this case in the Eastern District of Pennsylvania. As of March 2017, the average time from filing to disposition for civil cases in this Court was 5.7 months, while it was 7.6 months in the District of New Jersey. *See* Administrative Office of the U.S. Courts, *Federal Court Management Statistics* (March 31, 2017).[3]

The fourth factor, the local interest in deciding local controversies at home, "involves a balancing of the original forum's interest in the litigation against that

---

[3] Available at http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0331.2017.pdf.

8

of the alternative forum." *Jennings v. Boeing Co.*, 660 F. Supp. 796, 807 (E.D. Pa. 1987). Besides Home Depot's ability to conduct business in Pennsylvania, this controversy between Home Depot and Felice has little to no connection to the Eastern District of Pennsylvania. Instead, because both parties are located in New Jersey, and as Home Depot contends, "all of the relevant events took place in the State of New Jersey," this factor weighs in favor of transfer. (Def.'s Mot., at 8); *see Stamford Holding Co. v. Clark*, No. 02-269, 2002 WL 1040474, at *7 (E.D. Pa. May 23, 2002) (concluding that because plaintiff was not a resident of Pennsylvania, and because the central events of the case arose in Connecticut where defendants were residents, local interest weighed in favor of transfer from the Eastern District of Pennsylvania to the District of Connecticut).

The fifth factor, the public policies of the fora, favors transfer because "New Jersey has an interest in protecting its citizens from tortious conduct." *Keller-Miller*, 2016 WL 5870897, at *5. The sixth and final factor, the familiarity of the trial judge with the applicable state law in diversity cases, "weighs slightly in favor of transfer since New Jersey substantive law will likely apply." *Id.* at *4. However, "federal judges routinely apply the law of various jurisdictions" and there is nothing to indicate that this Court would have difficulty in determining and applying New Jersey law. *De Lage Landen Fin. Serv. v. Cardservice Int'l.*, No. 00-2355, 2000 WL 1593978, at *2 (E.D. Pa. Oct. 25, 2000).

Several of the *Jumara* public interest factors weigh in favor of transferring this case to the District of New Jersey. Felice's preference of forum is nonetheless entitled to deference. Home Depot has not met its burden of demonstrating why transfer is

9

warranted with respect to many of the key factors, presumably because they are unable to do so in light of the extremely close proximity of the two fora. *Cf. Guzzi v. Morano*, No. 10-1112, 2011 WL 4631927, at *14 (E.D. Pa. Oct. 6, 2011) ("The Eastern District of Pennsylvania and the District of New Jersey are separated by nothing more than a bridge over the Delaware River."). Moreover, an arbitration hearing has already been set for September 27, 2017,[4] (ECF No. 7)—it would needlessly delay this case and be harmful to judicial economy to order a transfer.

      An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[4]     Home Depot did not file its Motion to Transfer Venue until after the arbitration hearing was scheduled—seven weeks after it filed its answer.